IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHARON MILLER
o/b/o T. D. S.                                                                                          PLAINTIFF

    v.                                               CIVIL NO. 06-1062

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                                DEFENDANT

# ORDER

Sharon Miller ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application filed on behalf of T. D. S. for supplemental security income ("SSI") under the provisions of Title II of the Social Security Act. (Doc. 1).  In her Motion to Dismiss the case, the defendant alleges that plaintiff's complaint fails to state a claim upon which relief can be granted because it was not filed within the time limitation specified in 42 U.S.C. § 405(g), which requires that a civil action be commenced within 60 days after the date of mailing to the plaintiff of notice of the final decision of the Commissioner of Social Security, or within any time as extended by the Appeals Council of the Social Security Administration.  (Doc. # 3).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  The Supreme Court has specifically held that § 405(h) prevents review of the Secretary's decisions except as provided in § 405(g) of the Act. *Sheehan v. Secretary of Health, Ed. & Welfare*, 593 F.2d 323, 325 (8th Cir. 1979) (*citing Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)).  Section 405(g) provides in pertinent part:

> Any individual, after a final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may

> obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

Accordingly, the final decision of the Commissioner is binding unless the claimant files an action in a Federal district court within 60 days after receipt of the notice of the Appeals Council's decision. *See also* 20 C.F.R. §§ 404.981, 422.210. The date of receipt is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. 20 C.F.R. §§ 404.901, 422.210(c).

The Supreme Court in *Bowen v. City of New York*, 476 U.S. 467, 481, 106 S.Ct. 2022 (1986), ruled that the 60 day time period specified in section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is a period of limitation, which in a rare case can be tolled by the Commissioner or the courts. The Eighth Circuit has repeatedly upheld the 60 day time limitation. *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988)(per curiam).

We note that plaintiff has not filed a response to the defendant's motion to dismiss. Further, the evidence reveals that the Appeals Council forwarded notice of its decision to plaintiff on March 29, 2006. (Doc. 3-2). Therefore, it is presumed that plaintiff received the notice of Appeal Councils action on April 3, 2006, five days from the date of the original notice (March 29, 2006). As such, plaintiff had until June 2, 2006, to file suit. After reviewing the record, we note that the Complaint was mailed to the court on June 2, 2006, and was not received until June 5, 2006. (Doc. 1). Accordingly, we find that plaintiff's Complaint filed on June 5, 2006, was untimely. As such, the defendant's Motion to Dismiss is hereby GRANTED and the case is DISMISSED.

IT IS SO ORDERED this 9th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE